Judge ALLARD,
concurring.
I join the majority decision and write separately only to emphasize that the Bruton problem presented in this case could have been easily solved by the court granting Mayuyo’s motion to sever (or by the prosecutor choosing to forego use of Mayuyo’s statement at trial). Instead, the prosecutor opposed the motion to sever and the trial judge denied the motion and permitted the prosecutor to introduce an altered and misleading version of Mayuyo’s statement to the jury. As the majority opinion points out, there are significant risks associated with redacting or altering a non-testifying defendant’s statement in order to eliminate references to a co-defendant. In some cases, the redaction will not go far enough and will insufficiently protect the co-defendant’s rights under the confrontation clause.[1] In other cases, as occurred here, the redaction will go too far, distorting the meaning of the statement and prejudicing the rights of the defendant who made the statement.[2] Given this, courts should carefully consider whether the benefits that might be gained by a joint trial are worth the risk of potentially injecting reversible error into the State’s case.

. See, e.g., Gray v. Maryland, 523 U.S. 185, 193, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998) (holding that Bruton may be violated if the act of redaction is obvious); Vazquez v. Wilson, 550 F.3d 270, 280 (3rd Cir.2008) (reversing convictions where the references to the two accomplices were replaced with the terms "my boy” and "the other guy” because, in context, these terms unmistakably referred to the co-defendant on trial); People v. Archer, 82 Cal.App.4th 1380, 99 Cal.Rptr.2d 230, 235 (2000) (reversing a conviction where • the jury would likely infer that the pronouns in the redacted statement referred to the co-defendant).

. See, e.g., Ex parte Sneed, 783 So.2d 863, 870-71 (Ala.2000) (reversing a conviction where the alteration of the defendant's statements from "we” to "I” distorted the meaning of the statement and undermined the defendant's defense); State v. Rakestraw, 255 Kan. 35, 871 P.2d 1274, 1281 (1994) (reversing a murder conviction where the redacted version of the defendant's out-of-court statement distorted its meaning in a way that deprived the defendant of a fair trial); People v. La Belle, 18 N.Y.2d 405, 276 N.Y.S.2d 105, 222 N.E.2d 727, 729 (1966) (reversing a conviction where the redaction of the defendant's statement distorted the meaning of the statement and seriously prejudiced the defendant).